32793. COHEN v. GOLDSTEIN.

Hall, Justice.

The sole issue in this appeal is whether there was a genuine issue of fact which precluded summary judgment for appellee, the plaintiff below. We set out only those

facts directly relevant to this issue.

Goldstein sued to cancel a security deed from Hughes (Goldstein's predecessor in title) to Cohen, alleging that the deed did not secure any outstanding indebtedness, and thus was merely a cloud on Goldstein's title. Cohen alleged in his answer that he had made a series of loans to Hughes, that more than one of these loans remained unpaid, and that the deed secured each of the outstanding loans.

In support of his motion for summary judgment, Goldstein filed affidavits which stated that the deed to Cohen secured future advances under an "agreement of obligation," and that no advances were made under that agreement. Cohen failed to timely file any counter-affidavits, and the court granted summary judgment to Goldstein.

This deed contains a standard form "dragnet clause" which provides that the deed secures *any* indebtedness of Hughes to Cohen "now or hereafter owing." Thus, it appears that all of the alleged outstanding loans would be secured by this deed. Appellee's affidavits dealt with only one loan agreement, thus leaving genuine issues of fact as to whether there are other loans outstanding which are secured by this deed. The trial court erred in granting summary judgment.

*Judgment reversed and case remanded. All the Justices concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED OCTOBER 21, 1977.

*Clayton Jones, Jr.,* for appellant.
*Leonard Gilberg,* for appellee.